IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS A. SIMONIAN,

    Plaintiff,

v.

PFIZER, INC.,

    Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by his attorneys, hereby complains against Defendant PFIZER, INC. ("Defendant") as follows:

### I.
### NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its Advil® branded products with United States Patent Number 5,071,643 ("the '643 Patent) even though the '643 Patent is expired, and has been expired since December 10, 2008. On information and belief, Defendant marks certain of its Advil® branded products with the expired '643 Patent with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant PFIZER, INC. is a Corporation established under the laws of the State of Delaware with its principal place of business at 235 East 42nd Street, New York, New York 10017.

6. Upon information and belief, Defendant is a pharmaceutical company ranking number one in sales in the world.

7. Upon information and belief, Defendant acquired Wyeth in a cash and stock merger valued at $68 billion. The acquisition was effective October 15, 2009.

8. Upon information and belief, Wyeth, before its acquisition, was one of the largest pharmaceutical companies in the world. Wyeth was the maker of Advil®-branded ibuprofen, a non-steroidal anti-inflammatory drug (NSAID). Upon information and belief, in the first half of 2009 alone, sales of Advil® have generated revenues of about $246 million for Wyeth.

9. After the acquisition of Wyeth, Defendant continues to make and sell Advil®-branded ibuprofen in, for example, but not limited to, the following products: Advil® Liqui-Gels®, Advil® Cold & Sinus Liqui-Gels® and Advil® Migraine.

10. Defendant markets Advil® Liqui-Gels® as "faster and stronger on tough pain than Extra Strength Tylenol®" (a competitive pain-reliever made and sold by Johnson & Johnson). Defendant further states that "Advil is the only liquid filled capsule clinically proven to work fast, and it's gentle on your stomach, too." (see http://www.advil.com/products/advil/liquigels.asp last visited on Feb 20, 2009)

11. Defendant markets Advil® Migraine as "the first and only FDA-approved migraine relief product in a liquid-filled capsule, with all the pain-relieving power you expect

2

from Advil®. It gets into your system fast." (see http://www.advil.com/products/migraine/index.asp last visited on Feb 20, 2010)

## II.
## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

14. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## III.
## THE '643 PATENT

15. The '643 Patent, entitled "Solvent System Enhancing the Solubility of Pharmaceuticals for Encapsulation," was filed on October 9, 1987, issued on December 10, 1991 and expired on December 10, 2008. A true and correct copy of the '643 Patent is attached hereto as Exhibit A.

16. Upon information and belief, ibuprofen is in its natural state a solid white powder that is only very slightly soluble in water (< 1 mg/mL).

17. Upon information and belief, the '643 Patent discloses a solvent system which is capable of producing highly concentrated liquid solutions of ibuprofen suitable for filling into softgels, such as Defendant's Advil® Liqui-Gels®. The background section of the '643 Patent states in relevant parts as follows:

3

*"Vitamins and pharmaceuticals that naturally occur as solids may be filled into softgels in liquid form under primarily one of two approaches--either as a suspension of the solid in a liquid carrier or as a solution of the pharmaceutical agent in the appropriate solvent."* (col. 1, line 65 – col. 2, line 1)

*"... a solution provides the best liquid form to obtain optimal 'content uniformity' in a batch. In addition, a solution provides a faster and more uniform absorption of a pharmaceutical agent than does a suspension. Because of these distinct technical advantages, the solution is preferred over the suspension."* (col. 2, lines 8 – 13)

*"However, a problem in the art is that an appropriate solution of the pharmaceutical agent cannot always be achieved. One constraint is size. Often, it is not possible to dissolve the pharmaceutical agent in a volume of solvent small enough to produce a softgel that is appropriate from the standpoint of economics and patient acceptance. Another constraint, is the solvent itself. The solvent must have sufficient solvating power to dissolve a large amount of the pharmaceutical agent to produce a highly concentrated solution, and yet not hydrolyze, dissolve, or tan the softgel."* (col. 2, lines 14 – 24)

*"It is a primary object of the present invention to provide a solvent system which is capable of producing highly concentrated solutions of pharmaceutical agents and that these highly concentrated solutions be suitable for filling into softgels."* (col. 1, lines 25 – 29)

## IV.
## COUNT I

18. Plaintiff incorporates paragraphs 1-17 as if fully set forth herein.

19. Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, for example, its Advil® branded anti-inflammatory drugs.

20. The '643 Patent expired on December 10, 2008.

21. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with the expired '643 patent: Advil® Liqui-Gels®,

Advil® Cold & Sinus Liqui-Gels® and Advil® Migraine (collectively, the "Advil® Liquid Products").

22. Advil® Liqui-Gels® are currently sold in packaging marked as shown below:






23. Advil® Cold & Sinus Liqui-Gels® are currently sold in packaging marked as shown below:

5



 

24. Advil® Migraine is currently sold in packaging marked as shown below:

6




25. The instances of false marking shown in paragraphs 22-24 are representative and not exhaustive.

26. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

27. Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents. Defendant states that "Generic competition and patent expirations significantly impact our business. We lost exclusivity for Camptosar in the U.S. in February 2008 and in Europe in July 2009 and for Norvasc in the U.S. in March 2007 and in Japan in July 2008. As expected, significant revenue declines followed. […] We will continue to aggressively defend our patent rights against increasing incidents of infringement whenever appropriate." (*See* Defendant's 1Q-2009 Form 10-Q filed with the SEC)

28. Upon information and belief, Defendant has an in-house legal department.

29. Upon information and belief, attorneys in Defendant's in-house legal department are responsible for Defendant's intellectual property and marketing, labeling, and advertising law.

30. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

31. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the '643 Patent marked on the Advil® Liquid Products has expired.

32. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the Advil® Liquid Products are not covered by the expired '643 Patent marked on such products because an expired patent has no prospective patent rights.

33. Upon information and belief, Defendant has previously accused companies of patent infringement and Defendant has been accused of patent infringement. Defendant states that "We and certain of our subsidiaries are involved in various patent ... litigations and claims; government investigations; and other legal proceedings that arise from time to time in the ordinary course of our business." (*See* Defendant's 1Q-2009 Form 10-Q filed with the SEC)

34. As a sophisticated company with, upon information and belief, in-house attorneys who regularly litigate or oversee litigation of patent infringement cases and who regularly prosecute or oversee patent prosecution, Defendant knows, or reasonably should know, of the requirements of 35 U.S.C. §292.

35. The false patent markings for the Advil® Liquid Products are found on the product packaging. (*See* paragraphs 22-24 above)

36. Upon information and belief, Defendant intentionally included the expired '643 Patent in the patent markings of the Advil® Liquid Products, in an attempt to prevent competitors from using the same or similar process to manufacture and sell ibuprofen in form of softgels or liquid filled capsules.

37. Upon information and belief, Defendant marks the Advil® Liquid Products with the expired '643 Patent for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired '643 patent.

38. Each false marking on the Advil® Liquid Products is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

39. Defendant has wrongfully and illegally advertised a patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

9

40. Upon information and belief, Defendant knows, or reasonably should know, that marking the Advil® Liquid Products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

41. Upon information and belief, Defendant's marking of its Advil® Liquid Products with the expired '643 Patent, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

42. Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described Advil® Liquid Products in the market place.

43. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

44. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which to be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 22, 2010

Respectfully submitted

Thomas A. Vickers

*Attorneys for Plaintiff*

Thomas A. Vickers
IL State Bar No. 6226288
Joseph M. Vanek
IL State Bar No. 6197046
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: tvickers@vaneklaw.com
E-mail: jvanek@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissmann
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissmann@emcpc.com
E-mail: mcadrot@emcpc.com
E-mail: erynne@emcpc.com