# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 1193 | DATE | 2/22/2011 |
| CASE TITLE | Simonian vs. Pfizer Inc. | | |

## DOCKET ENTRY TEXT

Pfizer Inc.'s Motion to Dismiss Simonian's Complaint [23] is denied.

*[signature: Charles Norgle]*

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Before the Court is Pfizer's Motion to Dismiss Simonian's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Pfizer argues that Rule 9(b) applies to false marking claims under 35 U.S.C. § 292. Next, it argues that Simonian's complaint fails to state a claim for false marking because it does not plead the minimal facts necessary to support allegations of deceptive intent. Based on the Federal Circuit decision issued after Pfizer filed its Motion to Dismiss, Pequignot v. Solo Cup, 608 F.3d 1356 (Fed. Cir. 2010), "Pfizer foregoes the argument set forth on pages 11-15 of its Opening Brief." Pfizer's Reply Br. in Supp. of Its Mot. to Dismiss Simonian's Compl. 2 n.3. For the reasons stated below the Motion is denied.

    In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

    As an initial matter, the Court recently determined that a claim for false marking under § 292 is based in fraud and is governed by the heightened pleading requirement of Rule 9(b). U.S. ex rel. Zojo Solutions, Inc. v. Cooper Tools, Inc., No. 10-CV-1504, slip. op. at 4-5 (N.D. Ill. Feb. 16, 2011) (Norgle, J.). Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The circumstances "'must be pleaded in detail'-'[t]his means the who, what, when, where, and how' of the alleged fraud." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)).

    Simonian has specifically identified the Advil® Liquid Products that Pfizer allegedly mismarked with United States Patent Number 5,071,643 (the "'643 Patent"). Compl. ¶¶ 22-24. Simonian has also alleged that the '643 Patent expired on December 10, 2008. Id. ¶ 15. Further, it has alleged that the offending products were manufactured and advertised after such date. Id. ¶¶ 22-24 & Ex. F. Therefore, Simonian has

sufficiently alleged the circumstances constituting the alleged false marking. The Court next addresses whether Simonian has pled the minimal facts necessary to support allegations of deceptive intent.

With respect to the "intent to deceive" element of the § 292 claim, Rule 9(b) allows intent to be alleged generally. Fed. R. Civ. P. 9(b). The pleadings, however, must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." Exergen, 575 F.3d at 1327. A reasonable inference "is one that is plausible and that flows logically from the facts alleged." Id. at 1329. Thus, for a false marking claim to survive a motion to dismiss, a plaintiff must allege specific facts for a court to reasonably infer that a defendant had knowledge of the mismarking. See Iqbal, 129 S. Ct. at 1949; see also Pequignot, 608 F.3d at 1362-63 ("[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public.").

Pfizer argues that "[t]here are no facts pled in Simonian's Complaint that would allow one plausibly to infer that Pfizer acted with an intent to deceive or that Pfizer had the specific knowledge that any statement it made was false." Pfizer's Reply Br. in Supp. of Its Mot. to Dismiss Simonian's Compl. 5. Simonian pled deceptive intent solely on "information and belief." Compl. ¶¶ 2, 37. "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based." Exergen, 575 F.3d at 1330; see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., No. 10-1686, 2011 WL 183163, at *5 (7th Cir. Jan. 21, 2011) (noting that pleading on "information and belief" is permissible only if: "(1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides 'the grounds for his suspicions'" (citing Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 924 (7th Cir. 1992); Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 684 (7th Cir. 1992))).

Simonian appears to base his claim of intent to deceive on the allegations that "Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents" and that Pfizer has an in-house legal department "responsible for Defendant's intellectual property and marketing, labeling, and advertising law." Compl. ¶¶ 27-29. This, Pfizer, argues, is insufficient as a matter of law to support an inference of intent. In support of this argument, Pfizer notes that Judge Der-Yeghiayan found nearly identical language insufficient in Simonian v. Cisco Sys., Inc., No. 10-C-1306, 2010 WL 2523211 (N.D. Ill. June 17, 2010). In Cisco, the court concluded that Simonian had not alleged any specific facts in the complaint upon which he based his allegation that "upon information and belief Cisco is a sophisticated company and has many decades of experience applying for, obtaining, and/or litigating patents." Id. at *3 (internal quotations omitted). In contrast to the insufficient complaint in Cisco, here Simonian has asserted specific facts upon which his belief is reasonably based. Simonian has alleged facts from Pfizer's 1Q-2009 Form 10-Q filed with the SEC relating to Pfizer's aggressive posture on its patent matters, its knowledge of expired patents as to other products, and the significant impact that its patent expirations have on its business. Compl. ¶ 27. The Court finds that these allegations plausibly suggest that Pfizer had knowledge that the Advil® Liquid Products were marked with the expired '643 Patent. See, e.g., Simonian v. Cisco Sys., Inc., No. 10-C-1306, 2010 WL 3019964, at *2 (N.D. Ill. July 29, 2010) (rejecting the argument that a complaint must do more than show that the defendant is a sophisticated company with respect to patents and finding that an inference of an intent to deceive was supported by alleging facts relating to the defendant's patent portfolio, patent tracking system, and legal department). Therefore, the facts alleged sufficiently support the inference of an intent to deceive and Simonian has satisfied Rule 9(b). Accordingly, Pfizer's Motion to Dismiss is denied.

IT IS SO ORDERED.