# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THOMAS A. SIMONIAN,

    Plaintiff,

v.

PFIZER INC.,

    Defendant.

No. 10-CV-01193

## MEMORANDUM IN SUPPORT OF PFIZER'S
## 28 U.S.C. § 1404(a) MOTION TO TRANSFER

**Ropes & Gray LLP**
Qasim S. Jami
111 South Wacker Drive
46th Floor
Chicago, IL 60606-4302
(312) 845-1200
qasim.jami@ropesgray.com

Bradford J. Badke
Michael P. Kahn
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant
Pfizer Inc.*

April 4, 2011

## TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF FACTS.....................................................................................2

III. LEGAL STANDAR D ............................................................................................3

IV.  ARGUMENT .........................................................................................................5

     A.   This Case Could Have Been Brought In The District of New Jersey .........5

     B.   Convenience Of The Witnesses Mandates Transfer To
          The District Of New Jersey ...........................................................................6

          1.   Simonian's Choice Of Forum Is Entitled To Little Weight .............6

          2.   This District Lacks Any Meaningful Connection To This Action...................7

          3.   The Convenience Of The Witnesses And The Parties Weighs
               In Favor Of Transfer ..........................................................................8

          4.   All Relevant Documents  Are In New Jersey ..................................9

     C.   Transfer To New Jersey Will Serve The Interests Of Justice...................10

V.   CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*,
 200 F. Supp. 2d 941 (N.D. Ill. 2002) ................................................................................3, 4

*Amoco Oil Co. v. Mobil Oil Corp.*,
 90 F. Supp. 2d 958 (N.D. Ill. 2000) ........................................................................................3

*Clontech Labs., Inc. v. Invitrogen Corp.*,
 406 F.3d 1347 (Fed. Cir. 2005)...............................................................................................7

*Coffey v. Van Dorn Iron Works*,
 796 F.2d 217 (7th Cir. 1986) ..................................................................................................3

*GEN 17, Inc. v. Sun Microsystems, Inc.*,
 953 F. Supp. 240 (N.D. Ill. 1997) .................................................................................5, 9, 10

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009)..............................................................................................10

*In re Hoffman-La Roche*,
 587 F.3d 1333 (Fed. Cir. 2009)................................................................................................6

*In re Zimmer Holdings, Inc.*,
 609 F.3d 1378 (Fed. Cir. 2010)................................................................................................9

*Just Intellectuals, PLLC v. Clorox Co.*,
 2:10-cv-12415, 2010 WL 5129014 (E.D. Mich. Dec. 10, 2010)..............................................6

*McNamara v. Elizabeth Arden, Inc.*,
 No. 1:10-cv-03491 (N.D. Ill. Nov. 23, 2010) (attached as Ex. 1) ............................................4

*Porritt v. MacLean Power Sys., L.P.*,
 No. 10-519, 2010 WL 3780970 (S.D. Ill. Sept. 22, 2010)......................................................10

*Ritchie Capital Mgmt. v. Jeffries*,
 No. 09-CV-07228, 2010 WL 768877 (N.D. Ill. Mar. 4, 2010).................................................3

*San Francisco Tech., Inc. v. Glad Prods. Co.*,
 No. 10-cv-00966, 2010 WL 2836775 (N.D. Cal. July. 19, 2010) ...........................................7

*Sassy, Inc. v. Berry*,
 406 F. Supp. 2d 874 (N.D. Ill. 2005) .......................................................................................4

*Simonian v. Hunter Fan Co.*,
    No. 1:10-cv-01212, 2010 WL 3975564 (N.D. Ill. Oct. 7, 2010) ............................... 5, 8, 10, 11

*Simonian v. Monster Cable Prods., Inc.*,
    No. 1:10-cv-01269, 2010 WL 4822899 (N.D. Ill. Nov. 22, 2010) ..................................... 4, 6, 8

*Simonian v. Pella Corp.*,
    No. 10-c-1253, 2010 U.S. Dist. LEXIS 79901 (N.D. Ill. Aug. 5, 2010) ................................. 9

*U.S. ex. rel. FLFMC, LLC v. T.F.H. Publ'ns, Inc.*,
    No. 2:10-cv-437, 2010 WL 4181151 (W.D. Pa. Oct. 20, 2010) ............................................. 7

*U.S. ex rel. Heathcote Holdings Corp., Inc. v. Leapfrog Enters., Inc.*,
    No. 10-c-1471, 2010 WL 5439721 (N.D. Ill. Dec. 27, 2010) ..................................... 4, 6, 10, 11

*Unique Prod. Solutions, Ltd. v. Otis Prods., Inc.*,
    No. 10-cv-1471, 2010 WL 5296932 (N.D. Ohio Sept. 22, 2010) ........................................... 7

*Van Gelder v. Taylor*,
    621 F. Supp. 613 (N.D. Ill 1985) ............................................................................................. 3

*Zojo Solutions, Inc. v. Leviton Mfg. Co.*,
    No. 10-c-881, 2010 WL 4257546 (N.D. Ill. Oct. 20, 2010) ........................................... 4, 8, 10

**RULES & STATUTES**

Fed. R. Civ. 12(b)(6) ............................................................................................................... 2

28 U.S.C. § 1391(b) ................................................................................................................ 5

28 U.S.C. § 1404 ...................................................................................................... 1, 5, 10, 11

35 U.S.C. § 292 ............................................................................................................ 1, 2, 4, 7

Pfizer Inc. ("Pfizer") respectfully moves, pursuant to 28 U.S.C. § 1404, to transfer the action brought against it by Plaintiff Thomas A. Simonian ("Simonian") to the United States District Court for the District of New Jersey.

## I. INTRODUCTION

Simonian filed the instant 35 U.S.C. § 292 action in a district that has absolutely no connection to Pfizer or the actions allegedly supporting the false marking claims. This case accordingly should be transferred to the District of New Jersey, the "center of gravity" of this case. This Court routinely transfers false marking cases with no connection to the Northern District of Illinois to the forum where the operative facts occurred. The same result is warranted here.

The District of New Jersey is where Pfizer's wholly-owned subsidiary responsible for the accused Advil® Products, Wyeth LLC, is headquartered and where the relevant witnesses and documents are located. New Jersey has a far greater interest in resolving this lawsuit because it concerns the reputations of one or more of its residents, is a more convenient forum for the witnesses and has a central relationship to the action.

In contrast, the Northern District of Illinois has no connection to this lawsuit. None of the relevant activities or actions took place in this District and Simonian, a *qui tam* plaintiff bringing this action on behalf of the federal government is entitled to little deference regarding his venue choice. Moreover, Pfizer is not aware of any relevant witnesses or documents located in the Northern District of Illinois.

In short, New Jersey has a greater interest in resolving this lawsuit because of its relationship to the action and this action accordingly should be transferred to the District of New Jersey.

## II. STATEMENT OF FACTS

Simonian filed this action against Pfizer on February 23, 2010, alleging that Pfizer violated 35 U.S.C. § 292(a) by marking the packaging of Pfizer's Advil® Liqui-Gels®, Advil® Cold & Sinus Liqui-Gels® and Advil® Migraine (collectively the "Advil® Products") with U.S. Patent No. 5,071,643 ("the '643 patent") after the patent expired and with an intent to deceive the public. (D.I. 1, ¶ 21). On May 28, 2010, Pfizer moved to dismiss the action for failure to state a claim pursuant to Fed. R. Civ. 12(b)(6). (D.I. 23). The Court denied Pfizer's Motion on February 22, 2011. (D.I. 40). On March 25, 2011, Pfizer filed a Motion for Reconsideration of the Court's Order in light of the Federal Circuit's intervening decision in *In re BP Lubricants*. (D.I. 47). The initial case management conference has not been held, and the parties have not engaged in any discovery planning or discussions.

The accused Advil® Products are currently distributed by Pfizer's wholly owned subsidiary, Wyeth LLC. (Decl. of Paul McGrath In Support Of Pfizer's Motion To Transfer To The United States District Court For The District Of New Jersey ("McGrath Decl." ¶ 1)). Prior to October 15, 2009, the Advil® Products were distributed by Wyeth. On October 15, 2009, Pfizer acquired Wyeth, which then converted to a limited liability company and changed its name to Wyeth LLC. (McGrath Decl. ¶ 1). At all relevant times, Wyeth's (and later Wyeth LLC's) Consumer Healthcare division was responsible for marketing and selling the accused Advil® Products. The Consumer Healthcare division is headquartered in Madison, New Jersey. (McGrath Decl. ¶ 2). All intellectual property, regulatory, marketing and sales decisions for the Advil® Products, including decisions regarding the marking of the '643 patent on the Advil® Products, occurred in New Jersey. (McGrath Decl. ¶ 3).

Similarly, the key witnesses with information relevant to this lawsuit are located in New Jersey. (McGrath Decl. ¶ 5). Pfizer has currently identified Paul McGrath, Senior Product

Manager, Advil®; Gabriela Gonzalez, the current Pfizer employee responsible for implementing changes to the labeling of the Advil® Products; and Mark O'Brien, the Pfizer employee knowledgeable about Advil® sales, as potential witnesses should this case proceed into discovery. Similarly, the current Pfizer in-house intellectual property counsel with responsibility for the Advil® Products, Jeff Gold, is also located in Madison, New Jersey. (McGrath Decl. ¶ 5). In addition to the current employees who are likely to have relevant information, most, if not all, of the documents relevant to this lawsuit are located in New Jersey. (McGrath Decl. ¶ 6).

Finally, no Pfizer records or witnesses are located in the Northern District of Illinois, nor does Pfizer manufacture or package the Advil® Products in the Northern District of Illinois. (McGrath Decl. ¶ 7).

## III. LEGAL STANDARD

A district court may transfer a civil action "[f]or the convenience of parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been brought." *Ritchie Capital Mgmt. v. Jeffries*, No. 09-CV-07228, 2010 WL 768877, at *2 (N.D. Ill. Mar. 4, 2010) (quoting 28 U.S.C. § 1404(a)); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (same). The purpose of this section is to avoid "waste of time, energy and money, as well as to protect litigants, witnesses and the public against inconvenience and expense." *Van Gelder v. Taylor*, 621 F. Supp. 613, 618 (N.D. Ill 1985).

An action should be transferred when it is established that (1) venue is proper in the transferor district; (2) venue is proper in the transferee forum; and (3) the transfer is for the convenience of the parties and the witnesses and is in the interests of justice. *Coffey*, 796 F.2d at 219-20. In determining the convenience of one venue over the other, the court should review the plaintiff's choice of forum; the situs of the material events; the relative ease of access to sources of proof; the convenience of the parties; and the convenience of the witnesses. *Amoco Oil Co. v.*

3

*Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000); *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002). In considering the interests of justice, the courts weigh additional factors, including the speed at which the case will proceed to trial; the court's familiarity with the applicable law; the desirability of resolving controversies in each locale; and the relation of each community to the occurrence at issue. *Allied Van Lines, Inc.*, 200 F. Supp. 2d at 946; *Sassy, Inc. v. Berry*, 406 F. Supp. 2d 874, 876 (N.D. Ill. 2005).

In the context of false marking actions under § 292, the relevant sources of proof reside with the defendant. The plaintiff has no involvement in the alleged false marking and merely seeks to collect a civil fine. *U.S. ex rel. Heathcote Holdings Corp., Inc. v. Leapfrog Enters., Inc.*, No. 10-c-1471, 2010 WL 5439721, at *2 (N.D. Ill. Dec. 27, 2010) ("Although a plaintiff's choice of forum is normally entitled to some degree of deference . . . courts generally do not afford it substantial weight in *qui tam* actions, where the plaintiff is suing on behalf of the United States and is not the real party in interest."). This Court accordingly transfers false marking cases to the district in which the decision to mark was made. *See, e.g.*, *Id.* at *3 ("[T]he situs of material events is essentially where the defendant's employees and operations are located because the main issue in the case is whether defendant falsely marked its products and did so intentionally."); *McNamara v. Elizabeth Arden, Inc.*, No. 1:10-cv-03491 (N.D. Ill. Nov. 23, 2010) (attached as Ex. 1) (finding all decisions relating to the alleged marking occurred in the transferee forum); *Simonian v. Monster Cable Prods., Inc.*, No. 1:10-cv-01269, 2010 WL 4822899, at *2 (N.D. Ill. Nov. 22, 2010) ("[A]ny deference due to Simonian's choice of venue is further lessened because the situs of most of the material events is in [the transferee district]."); *Zojo Solutions, Inc. v. Leviton Mfg. Co.*, No. 10-c-881, 2010 WL 4257546, at *2 (N.D. Ill. Oct. 20, 2010) ("[T]he markings on the concerned products and defendant's intention with respect to

marking the products . . . are the central material facts."); *Simonian v. Hunter Fan Co.*, No. 1:10-cv-01212, 2010 WL 3975564, at *2 (N.D. Ill. Oct. 7, 2010) (finding all material events took place in the transferee district).

## IV. ARGUMENT

None of alleged actions giving rise to the Complaint took place in the Northern District of Illinois. None of the witnesses with knowledge of the manufacturing, marketing, and sales of the Advil® products are within 100 miles of the Northern District of Illinois. There is simply no connection between the operative facts relevant to the above-captioned matter and this District. This case never should have been brought in this District. Pfizer therefore respectfully requests that it be able to defend against Simonian's Complaint where its documents, witnesses and relevant offices are – in the District of New Jersey.

### A. This Case Could Have Been Brought In The District of New Jersey

A threshold question in any transfer analysis is whether the lawsuit could have been brought in the transferee forum. *See GEN 17, Inc. v. Sun Microsystems, Inc.*, 953 F. Supp. 240, 242 (N.D. Ill. 1997) (noting that § 1404(a) requires venue be proper in both the transferee and transferor districts). Under 28 U.S.C. § 1391(b), venue in an action involving a federal question can be brought in any judicial district in which a substantial part of the events giving rise to the claim occurred. In this case, Pfizer's wholly owned subsidiary, Wyeth LLC, maintains its principal place of business in New Jersey. Further all relevant business activities occur in Madison, New Jersey. Regulatory and intellectual property decisions, including those for the Advil® Products, would have been made in New Jersey. Simonian cannot dispute that New Jersey would have been an appropriate forum for this action.

### B. Convenience Of The Witnesses Mandates Transfer To The District Of New Jersey

All of the applicable factors weigh heavily in favor of transfer to the District of New Jersey. As explained in detail below, the District of New Jersey is where the majority, if not all, of the witnesses and documents are located, it is where Pfizer's Consumer Healthcare division is located and it is where any alleged false marking would have occurred. This contrasts with the Northern District of Illinois, which has no significant ties to this case.

Moreover, Simonian has alleged that Pfizer and its employees located in New Jersey have acted with an intent to deceive the public, thereby negatively impacting their reputations and creating an even stronger local interest in New Jersey. *See In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (finding that the transferee forum's "local interest remains because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community").

#### 1. Simonian's Choice Of Forum Is Entitled To Little Weight

Simonian's choice of venue should be accorded less weight where "the operative facts have little connection to the forum." *Leapfrog Enters.*, Inc., 2010 WL 5439721, at *2. Here, the location of the alleged false marking is New Jersey. Moreover, this Court has already held in another false marking case brought by this same plaintiff that "the plaintiff in a *qui tam* action is actually the federal government, not Simonian. Therefore, contrary to Simonian's suggestion otherwise, his choice of venue is not entitled to substantial deference." *Monster Cable Prods., Inc.*, 2010 WL 4822899, at *1. This is consistent with how the majority of district courts have treated forum selection in false marking cases. *See, e.g., Just Intellectuals, PLLC v. Clorox Co.*, 2:10-cv-12415, 2010 WL 5129014, at *4 (E.D. Mich. Dec. 10, 2010) ("[T]he *qui tam* relator "has not directly suffered any injury" and "as a result, the deference given to [plaintiff's] choice

of forum should be reduced."); *U.S. ex. rel. FLFMC, LLC v. T.F.H. Publ'ns, Inc.*, No. 2:10-cv-437, 2010 WL 4181151, at *3-4 (W.D. Pa. Oct. 20, 2010) (Plaintiff's "choice of forum in this action is entitled to very little weight in analyzing the merits of a transfer of venue."); *Unique Prod. Solutions, Ltd. v. Otis Prods., Inc.*, No. 10-cv-1471, 2010 WL 5296932, at *2 (N.D. Ohio Sept. 22, 2010) ("[I]n a qui tam action the real party in interest is the United States and, accordingly, the relator's choice of venue is not entitled to the same level of deference."); *San Francisco Tech., Inc. v. Glad Prods. Co.*, No. 10-cv-00966, 2010 WL 2836775, at *7 (N.D. Cal. July. 19, 2010) (The *qui tam* plaintiff is "one of hundreds of potential plaintiffs all equally entitled voluntarily to invest themselves with the . . . cause of action and all of whom could, with equal show of right go into their many home courts."). Simonian's choice of forum therefore does not deserve the substantial deference typically given a plaintiff.

### 2. This District Lacks Any Meaningful Connection To This Action

Simonian's § 292 action lacks a meaningful connection to the Northern District of Illinois. Section 292 imposes liability when "a marking importing that an object is patented [is] . . . falsely affixed . . . with intent to deceive the public." *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005). All of the alleged actions that give rise to this lawsuit transpired in New Jersey: The Pfizer subsidiary responsible for the accused Advil® Products is headquartered in New Jersey. The relevant witnesses knowledgeable about Pfizer's marking practices and alleged intent to deceive are located in New Jersey. (McGrath Decl. ¶ 5). The manufacturing, labeling, and marketing decisions concerning the Advil® Products take place in New Jersey. (McGrath Decl. ¶ 3). In addition, all potentially relevant Pfizer documents are located in New Jersey. (McGrath Decl. ¶ 6).

In contrast, there are no ties, let alone any significant ties, to the Northern District of Illinois. The Advil® Products are not manufactured or marked in this District nor do any

witnesses reside here. Simonian is a *qui tam* plaintiff acting on behalf of the United States government and is therefore unlikely to have a significant amount of information relevant to this lawsuit. *Leviton Mfg. Co.*, 2010 WL 4257546, at *2 ("[Plaintiff] brings its claim as a *qui tam* plaintiff and is asserting injury not to itself, but to the general public of the United States."); *Monster Cable Prods.*, 2010 WL 4822899, at *2 ("Plaintiff does not identify any evidence that he has in his possession that would weigh against transfer . . . [n]or does any such evidence seem likely given the fact that plaintiff brought this case as a *qui tam* action."). Furthermore, sales of the Advil® Products in Illinois are irrelevant to the central issue of this lawsuit – Pfizer's decision to mark its Products with an alleged intent to deceive the public. *Hunter Fan Co.*, 2010 WL 3975564, at *2 (finding that liability hinges on the defendant's decision to mark, not on the sale of the falsely marked products).

### 3. The Convenience Of The Witnesses And The Parties Weighs In Favor Of Transfer

New Jersey is the more convenient forum for the parties and witnesses. All of the potentially relevant events relating to Simonian's false marking allegations took place in New Jersey. The witnesses knowledgeable about Pfizer's product packaging are located in New Jersey. Indeed, any decisions relating to the marking of these products would have been made in New Jersey. (McGrath Decl. ¶ 3). Furthermore, the Pfizer employees responsible for the labeling, marketing and financial data of the Advil® Products are located in New Jersey. (McGrath Decl. ¶ 5). Pfizer has all, or the vast bulk, of the information relevant to this lawsuit in its possession, and it is far more convenient for Pfizer, and Pfizer's current and former employees, to proceed with this lawsuit in New Jersey. Transfer will minimize the disruption to Pfizer's witnesses and its business. Its witnesses will be required to travel only about 16 miles to

the courthouse in Newark, New Jersey, as opposed to having to travel approximately 775 miles to Chicago, Illinois.

In contrast, as a *qui tam* plaintiff that has not alleged or suffered any differentiated personal harm, Simonian is unlikely to have or present any relevant documentary or testimonial evidence in this case. *See e.g., Simonian v. Pella Corp.*, No. 10-c-1253, 2010 U.S. Dist. LEXIS 79901, at *4 (N.D. Ill. Aug. 5, 2010) (acknowledging that Simonian's testimony would be irrelevant). The only convenience to Simonian in litigating in this District, therefore, is that his lawyers are located here – a factor entitled to no weight. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (giving no weight to convenience of party's litigation counsel in applying the Fifth Circuit *forum non conveniens* factors). The convenience to Pfizer's witnesses of litigating this case in New Jersey far outweighs any potential inconvenience to Simonian for having to send his lawyer to New Jersey for hearings or trial and thus the convenience of witnesses weighs in favor of transfer.

Moreover, the District of New Jersey's ability to subpoena key witnesses favors transfer to that district. *See e.g.*, *GEN 17, Inc.*, 953 F. Supp. at 243 (granting transfer when witnesses would be inconvenienced by traveling and out of reach of the subpoena power of the court) Although no third-party witnesses currently are known, Wyeth LLC is a New Jersey-based corporation and it is likely that any key former employees reside within 100 miles of the District of New Jersey. In contrast, Pfizer is not aware of any witnesses who are located in Illinois. The availability of the compulsory process therefore similarly favors transfer to New Jersey.

### 4. All Relevant Documents Are In New Jersey

Access to key sources of proof weighs in favor of transfer to New Jersey. Relevant documents are located in Madison, New Jersey. (McGrath Decl. ¶ 6). The ease of access to sources of proof weighs in favor of transfer to New Jersey, where Pfizer's corporate documents

9

relating to the accused products are located. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) ("[T]he place where the defendant's documents are kept weighs in favor of transfer to that location."). In contrast, it is unlikely that Simonian has any relevant documents located in the Northern District of Illinois. *Hunter Fan Co.*, 2010 WL 3975564, at *3 (noting that Simonian failed to identify "any evidence he has in his possession that would weigh against a transfer of venue"). This greater accessibility in the District of New Jersey to sources of proof in this action weighs in favor of transfer. *GEN 17, Inc.*, 953 F. Supp. at 243 (finding that the transferee forum was the "more convenient forum with respect to the relative ease of access to sources of proof" because the forum was "the situs of material events and the location of most of the witnesses").

### C. Transfer To New Jersey Will Serve The Interests Of Justice

The interests of justice strongly weigh in favor of transfer to New Jersey. "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Porritt v. MacLean Power Sys., L.P.*, No. 10-519, 2010 WL 3780970, at *1 (S.D. Ill. Sept. 22, 2010). The connection between the venue and the controversy strongly favors transfer. As described above, the implicated events and actions all occurred in the District of New Jersey. *Leviton Mfg. Co.*, 2010 WL 4257546, at *2 (finding the situs of the alleged false marking is the location where the material events occurred). All Pfizer witnesses and documents relevant to this action are located in New Jersey. Furthermore, Simonian's presence in this District should not impact the decision to transfer because, like in *Leapfrog*, "the only Illinois citizen involved is not even the real party in interest here: any person anywhere across the country could have brought this lawsuit on behalf of the United States." *Leapfrog Enters., Inc.*, 2010 WL 5439721, at *3. The Northern District

of Illinois therefore has no particularized interest in resolving the false marking claims against Pfizer.

The remaining factors are neutral. The case will likely be resolved in approximately the same amount of time in either district.[1] *Hunter Fan Co.*, 2010 WL 3975564, at *4 (finding comparable time-to-trial to be neutral). In addition, this case "is still in the preliminary stages and the court has not expended significant judicial resources on it." *Leapfrog Enters., Inc.*, 2010 WL 5439721, at *3. Moreover, both district courts will have the same degree of familiarity with the law because the case arises under federal law. The interests of justice therefore favor transfer to New Jersey.

## V. CONCLUSION

For the reasons stated above, Pfizer respectfully requests that this Court grant its § 1404(a) motion to transfer this case to the United States District Court for the District of New Jersey.

| | |
|---|---|
| April 4, 2011 | **ROPES & GRAY LLP**<br><br>___/s/ Qasim S. Jami_____<br>Qasim S. Jami<br>111 South Wacker Drive<br>46th Floor<br>Chicago, IL 60606-4302<br>(312) 845-1200<br>qasim.jami@ropesgray.com<br><br>Bradford J. Badke<br>Michael P. Kahn<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br><br>*Attorneys for Defendant Pfizer Inc.* |

---

[1] The median time to trial within the two districts differs by 3 months. *See, e.g.*, http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseload Statistics/2010/tables/C05Mar10.pdf.

11

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing MEMORANDUM IN SUPPORT OF PFIZER'S MOTION TO TRANSFER was electronically filed with the Clerk of Court using CM/ECF on April 4, 2011, which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

| | | |
|---|---|---|
| Joseph M. Vanek | Bruce S. Sperling | Martin Goering |
| Thomas A. Vickers | Robert D. Cheifetz | Jessica E. Rissman |
| David P. Germaine | SPERLING & SLATER, P.C. | EUGENE M. CUMMINGS, P.C. |
| Jeffrey R. Moran | 55 West Monroe Street | |
| VANEK, VICKERS &MASINI, P.C. | Suite 3200 | One North Wacker Drive |
| | Chicago, Illinois 60603 | Suite 4130 |
| 111 S. Wacker Drive | Tel: (312) 641-3200 | Chicago, Illinois 60606 |
| Suite 4050 | Fax: (312) 641-6492 | Tel: (312) 984-0144 |
| Chicago, Illinois 60606 | bss@sperling-law.com | Fax: (312) 984-0146 |
| Tel: (312) 224-1500 | robc@sperling-law.com | mgoering@emcpc.com |
| Fax: (312) 224-1510 | | jrissman@emcpc.com |
| jvanek@vaneklaw.com | | |
| tvickers@vaneklaw.com | | |
| dgermaine@vaneklaw.com | | |
| jmoran@vaneklaw.com | | |

/s/___Qasim S. Jami_____
Qasim S. Jami