

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**
**CLERK**

312-435-6860

October 1, 2021

Jeffrey Robert Moran , Jr.
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, IL 60606
Email: jmoran@vaneklaw.com

Joseph Michael Vanek
Sperling & Slater, P.C.
55 W. Monroe St., Suite 3200
Chicago, IL 60603
Email: jvanek@sperling-law.com

Bruce S. Sperling
Sperling & Slater
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Email: bss@sperling-law.com

John Paul Bjork
Sperling & Slater, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Email: jbjork@sperling-law.com

Martin Amaro
Vanek, Vickers & Masini, P.C.
55 W Monroe St., Suite 3500
Chicago, IL 60603
Email: mamaro@vaneklaw.com

Robert David Cheifetz
Sperling & Slater
55 West Monroe Street, Suite 3200
Chicago, IL 60603
(312)641-3200
Email: robc@sperling-law.com

Thomas A. Vickers
Masini, Vickers, Ruksakiati & Hadsell, P.C.
150 S. Wacker Drive, 24th Floor
#3500
Chicago, IL 60606
Email: tav@mvrhlaw.com

Bradford J Badke
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Email: jim.badke@ropesgray.com

Jacqueline M James
Ropes & Gray Llp
1211 Avenue of the Americas
New York, NY 10036
Email: jacqueline.james@ropesgray.com

Jeanne C Curtis
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Matthew A Traupman
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Email: matthew.traupman@ropesgray.com

Michael P. Kahn
Ropes & Gray Llp
1211 Avenue Of The Americas
New York, NY 10036
Email: michael.kahn@ropesgray.com

Qasim S Jami
McDermott Will & Emery LLP
227 W. Monroe Street
44th Floor
Chicago, IL 60606-5096
Email: qjami@mwe.com

**In re: Simonian v. Pfizer, Inc., Case No. 10 CV 01193**

Dear Counselors,

I have been contacted by Judge Charles R. Norgle, Sr, who presided over the above-mentioned case.

Judge Norgle informed me that it has been brought to his attention that while he presided over the case, he owned stock in Pfizer. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norgle directed that I notify the parties of the conflict.

[Advisory Opinion 71,](#) from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Norgle's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before October 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norgle.

Sincerely,

*Thomas G. Bruton*

Thomas G. Bruton
Clerk of Court